UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| TRACEY L. GETTER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:13-CV-326 JD |
| | ) |
| GREGORY SERVER, *et al.*, | ) |
| | ) |
| Defendants. | ) |

OPINION AND ORDER

Tracey L. Getter, a *pro se* prisoner, filed an amended complaint[1] pursuant to 42 U.S.C. § 1983 seeking monetary damages from 18 defendants in regard to the conditions of his parole and parole revocation proceedings. He also seeks injunctive relief to modify the conditions of his parole and to prevent the defendants from taking action against him for violating his parole. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional

---

[1] Getter's filings are somewhat jumbled. Despite the clerk's best efforts, it is not entirely clear that some of the pages docketed as exhibits are not actually part of the complaint itself. The document docketed as the complaint (DE 11) was independently typed and does not use the form that was sent to Getter. It is unsigned and undated. However, part of the second exhibit (DE 11-2 at 2-14) is a hand written complaint raising basically the same claims against the same defendants. It uses the court's form, but is missing the first page. Getter has inserted additional hand written notebook pages. It is signed and dated. In reviewing this case, the court has considered all of these pages and the other exhibits to understand the claims asserted by Getter.

right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

Getter plead guilty to sexual misconduct with a minor in violation of Indiana Code 35-42-4-9(a), a Class C felony, and was sentenced to 8 years. When he was released on parole, he was required to comply with various parole conditions for sex offenders. He argues that Indiana Code 11-8-8-4.5 does not classify him as a sex offender and that it was wrong for the Indiana Parole Board, its employees, and agents to have imposed these conditions on him and then to have found that he violated his parole based on those improperly imposed conditions.

Getter is not the first to have raised such a claim. "Weiss contend[ed] that the Indiana Parole Board d[id] not have the authority to impose the parole conditions for sex offenders on a parolee who was not convicted of a sex offender crime . . .." *Weiss v. Ind. Parole Bd.*, 838 N.E.2d 1048, 1050 (Ind. Ct. App. 2005) (citation omitted). There, the court found that "Indiana Code § 11-13-3-4(b) gives the Indiana Parole Board authority to impose any condition on a parolee that has a reasonable relation to the parolee's reintegration into the community and is not unduly restrictive of a fundamental right." *Id.* at 1049. The court found that because Weiss' conviction for aggravated battery involved raping a minor, the sex offender parole conditions were reasonably related, albeit not specifically required by Indiana Code. As a result, it affirmed the trial court's dismissal of Weiss' case because it did not state a claim.

The same is true here. Getter's offense is not specifically listed in the Indiana Code as requiring that he be classified as a sex offender. However, he pled guilty to sexual misconduct with a minor and it was not an unreasonable exercise of discretion for the Indiana Parole Board to have imposed sex offender parole conditions on him. Thus, there is no basis for finding that the sex

offender parole conditions were improper or illegal. It is within this framework that the court now turns to the specific claims raised by Getter.

Getter seeks to sue the defendants for libel, slander, and defamation for labeling him as a sex offender. However, libel, slander, and defamation are not actionable under § 1983. *Paul v. Davis*, 424 U.S. 693, 712 (1976) ("[W]e hold that the interest in reputation asserted in this case is neither 'liberty' nor 'property' guaranteed against state deprivation without due process of law.")

Getter alleges that nine members of the Indiana Parole Board[2] improperly imposed sex offender requirements as conditions of his parole. He also alleges that they improperly found that he had violated his parole. As previously discussed, it was not improper for the Indiana Parole Board to have imposed sex offender conditions of parole on Getter. Moreover,

> Parole board members are absolutely immune from suit for their decisions to grant, deny, or revoke parole. And when officials engage in activities that are inexorably connected with the execution of parole revocation procedures and are analogous to judicial action they are also entitled to absolute immunity.

*Smith v. Gomez*, 550 F.3d 613, 619 (7th Cir. 2008) (quotation marks and citations omitted). Such is the case here. These defendants are immune from suit for their decisions to grant Getter parole with sex offender conditions – even had it been improper to have done so. They are also immune from suit for their decisions to find that he violated his parole.

Getter alleges that he was denied due process and under duress when Markos ZauZau, an employee of the Parole Board, required that he agree to the conditions of his parole upon his release in 2010. He alleges that if he had been given a hearing before the conditions were imposed, it would have been discovered that they were illegal. It should be noted that this claim is barred by the statute

---

[2] The nine members named in the complaint are: Gregory Server, Tim Grogg, Valerie Parker, Thor Miller, Octavia F. Snulligan, Charles Miller, Virgil Madden, Randell Gentry, and William Harris.

of limitations because "Indiana's two-year statute of limitations . . . is applicable to all causes of action brought in Indiana under 42 U.S.C. § 1983." *Snodderly v. R.U.F.F. Drug Enforcement Task Force*, 239 F.3d 892, 894 (7th Cir. 2001). But even if this claim were timely – as previously explained – it was not illegal for Getter to have been subjected to the sex offender parole conditions. Moreover, he was not entitled to a hearing to determine the conditions of his parole, he was only entitled to "be given a written statement of the conditions of his parole." Indiana Code 11-13-3-4(c). It was not even necessary for him to have signed them in order for them to have been binding upon his release. *Page v. State*, 517 N.E.2d 427 (Ind. Ct. App. 1988) (Holding that a parolee could be found in violation of the terms of his parole even though he had refused to sign.)

Getter alleges that Markos ZauZau, Jessica Townly, Margaret Farley, Robert Ruwersma, Erik Kruper, Chris Tanis, John Buncich, Ms. Dianne, and Daniel Ward enforced various sex offender parole conditions on him – including those requiring that he participate in sex offender therapy, register as a sex offender, and not live within 1000 feet of various locations where children congregate. He alleges that they then improperly had him arrested for violating those (and other) parole conditions because it was illegal to have imposed them. As previously explained, it was not illegal to have imposed the sex offender parole conditions on him. Therefore Getter does not state a claim against any of these defendants for having enforced those parole conditions or for their having had him arrested for violating them.

Getter seeks injunctive relief changing his parole conditions, preventing the defendants from enforcing the sex offender parole conditions, and preventing them from arresting him for violating them. However, as previously explained, it was not an unreasonable exercise of the Indiana Parole Board's discretion to have imposed sex offender parole conditions on Getter. Therefore his request

4

for injunctive relief is meritless. Moreover, to the extent that he is attempting to directly challenge any of his past parole violations, "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983." *Heck v. Humphrey*, 512 U.S. 477, 481 (1994). Therefore Getter may not obtain such relief in this or any other § 1983 case. Though it is unclear whether Getter has exhausted any claims he might have to challenge past parole violations by presenting them to the Indiana Supreme Court, the clerk will be directed to send him a habeas corpus form if he wishes to use it once he has done so.[3]

For the foregoing reasons, the claims presented by Getter do not state a claim for which relief can be granted. Therefore, this case is **DISMISSED** pursuant to 28 U.S.C. §1915A. The clerk is directed to send Tracey L. Getter a blank AO-241 (Rev. 10/07) (INND Rev. 6/13).

ENTERED:  January 13, 2014

                                      /s/ JON E. DEGUILIO
                                      Judge
                                      United States District Court

---

[3] If Getter uses the habeas corpus form to challenge a parole revocation, he should list the parole revocation proceeding as the conviction he is challenging, not the underlying conviction for sexual misconduct with a minor.